IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHAWNTE ANNE LEVY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. SAG-21-2800 |
| HOWARD COUNTY MARYLAND, | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff Shawnte Anne Levy is a state prisoner confined at North Branch Correctional Institution. Levy filed the above-captioned complaint along with correspondence requesting assistance in paying the court fees, which was docketed as a motion to proceed in forma pauperis. ECF Nos. 1, 2. For the reasons that follow, the complaint will be dismissed.

To the extent that Levy filed this complaint seeking in forma pauperis status, 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").

Levy brings suit against Howard County Maryland, Howard County Circuit Court, Howard County Circuit Court Clerk Wayne Robey, and Howard County Circuit Court Judge Mary Kramer. Levy states that her birth certificate has been amended to reflect her gender as female. She states that defendants, Howard County Circuit Court Judge Mary M. Kramer, and Howard County Circuit Court Clerk, Wayne A, Robey, denied her petition to update and amend her criminal commitment record to reflect her gender listed as female on her birth certificate. ECF No. 1 at 5. She also names as defendants Howard County and the Howard County Circuit Court. *Id.* at 2. Levy seeks an order from this Court directing defendants to take certain action that they failed to take in the context of her state court proceedings. Levy asks this Court to issue "injunctive relief" to amend the commitment and classification records to reflect her legal status as female and to note that she is to be handled only by female corrections officers. *Id.* at 9.

In essence, Levy is requesting that this Court compel that certain actions be taken by the state or county defendants and/or its agents. Levy's request is the equivalent of a petition for writ of mandamus. *See* 28 U.S.C. § 1361. Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, this Court has no mandamus jurisdiction over county or state employees, including the defendants named in this case. *See generally Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Levy's complaint may not proceed because this Court lacks jurisdiction.

The Court further notes that Levy has pending a separate action in this Court in which she raises claims regarding the refusal of the Maryland Department of Public Safety and Correctional Services to provide her with gender affirming surgery and raises related issues, including being handled by male corrections officers. *See Levy v. Green*, TDC-18-1291. Any attempt to litigate

2

the same issues in this action are duplicative. In federal district courts, "the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (citations omitted). *See Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 452 F. Supp. 2d 621, 626 (D. Md. 2006) ("It is undisputed that it is within a district court's power to . . . dismiss a suit that is duplicative of another federal court suit."), *aff'd*, 273 F. App'x 256 (4th Cir. 2008).

The Court will dismiss the complaint without prejudice for lack of jurisdiction. A separate order follows.


\_March 9, 2022\_\_                                 _____/s/_____
Date                                                            Stephanie A. Gallagher
                                                                United States District Judge